IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

JEFFERSON COUNTY, ALABAMA            BANKRUPTCY COURT CASE
                                     NO.: 11-05736-TBB
    DEBTOR.
_____

MARALYN GHOLSTON MOSLEY,

    APPELLANT,

v.                                   CASE NO.: CV-12-J-2203-S

JEFFERSON COUNTY, ALABAMA,

    APPELLEE.

## MEMORANDUM OPINION

This matter is before the court as an appeal from the Bankruptcy Court, pursuant to 28 U.S.C. § 158.  The parties have filed appellate briefs, which the court has reviewed.  The court finds, in accordance in Fed.R.Bankr.P. 8012, that the facts and legal arguments are adequately presented in the briefs and record and the decisional process will not be significantly aided by oral argument.

The appellant appeals from the Bankruptcy Court's Order denying relief from the automatic stay.  Under the Federal Rules of Bankruptcy Procedure, the Bankruptcy Court's findings of fact will not be set aside unless they are clearly erroneous.  Fed.R.Bankr.P. 8013.

## Factual Background

This appeal arises from a 2009 state court lawsuit brought by appellant against members of the Jefferson County Commission, alleging claims on behalf of herself and the patients of Cooper Green Mercy Hospital. She brought that state court action as a member of a plaintiff class, each of whom are beneficiaries of the indigent care fund. *See e.g.*, Transcript of May 3, 2012, Bankruptcy Court hearing (doc. 1-7) at 39-41. As a result of that lawsuit, the state court judge entered an Order based on the parties' agreement on the appellant's then pending petition for preliminary injunction, stating that Jefferson County would not threaten to close Cooper Green Hospital without informing the state court and allowing the state court to hold a hearing, and the County would keep approximately $71,000,000 in a fund accessible to Cooper Green Hospital and separate from the County General Fund. As a result of the parties' agreement, as memorialized in the state court order, the plaintiff withdrew her motion for preliminary injunctive relief and the court found the same to be moot. Order of July 16, 2009 (doc. 1-4) at 9-10.

The appellant sought permission in the bankruptcy court to pursue her claims against Jefferson County, Alabama, in state court, seeking to force the County to continue funding Cooper Green Hospital. The Bankruptcy Court denied the appellant's motion for relief from the automatic stay, questioning appellant's standing

to pursue the claims on behalf of Cooper Green Hospital (doc. 1-2).[1] The Bankruptcy judge noted that as an arm of Jefferson County, Cooper Green was part of the county and not a separate entity. Any standing the appellant had in the state court action arose from her status as a taxpayer and user of the county healthcare system, which the Bankruptcy Court found insufficient for Bankruptcy Court purposes. *See* exhibit A to doc. 6-1, at 45-46.

> Specifically, the Bankruptcy court commented that
>
> With respect to the stay relief, I am going to deny the same relief as it is requested. There are multiple issues. One is the standing. If you step back and forget the law, Cooper Green is part of Jefferson County and effectively you are asking me – you are basically asking me to bifurcate Jefferson County into different entities that are not separate legal entities. And your client in the state court action doesn't have the necessary standing, based on the documents I have seen, to be representing Cooper Green even if she could, all right. It's clear from the complaint that her status was as a beneficiary of certain monies and funds as a taxpayer and as a user of the healthcare system. That doesn't convert over to standing for the purpose that I need in this court, even if there was some other issue.
>
> The more problematic issue is, as I have said, is that whatever might have happened or might happen in the future in state court can be undone in the context of a bankruptcy case because, even if you were right on what you call a settlement agreement, I think it was a settlement of the injunctive aspect, preliminary injunctive aspect of that case. I

---

[1]After that ruling was entered by the Bankruptcy Court, and after this appeal was filed, the state court, apparently unclear as to the status of the appellant's claim, set a status conference in state court. At that conference, all parties agreed that the state court case was stayed by the bankruptcy court. *See* exhibit B to appellant's reply brief (doc. 7). Appellant's representations as to the events of that conference in her response to motion to strike (doc. 9) are simply not supported by the transcript of that conference.

think, based on what I have seen at this point that that order may not be in place anymore. I don't have anything to show that it isn't, but I will accept your representation there is something else that I haven't seen but, for today, there is nothing that shows that order is still in force and effect.

But the other is that part of the process that happens in the bankruptcy is for the County to sit down and assess what things it can pay for, what things it can't pay for, where the monies come from. And in the context of the Chapter 9, there are monies that are allocated for specific purposes that I don't think the County has indicated they have any intention to change those allocations. And so all that happened is that you go to state court, litigate. The County may win, your client may win, and then you come back here and the plan may modify *in toto* what happened in state court.

So it doesn't make a lot of sense, from a practical point of view, to modify the stay. I think you ought to do what you need to do in the context of this case with the County at some point, but the stay modification, given what I have in front of me, doesn't justify me to – there is no cause for me to modify the stay and, accordingly, I am going to deny the motion.

Exhibit A to doc. 6-1, at 45-47.

## Standard of Review

This court reviews the Bankruptcy court's findings of fact under the clearly erroneous standard of review and conclusions of law under the de novo standard of review. *Whiting–Turner Contracting Co. v. Electric Machinery Enterprises, Inc.,* 2006 WL 1679357, *1 (M.D.Fla.2006). A finding is "clearly erroneous" when, even in the presence of supporting evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Carroll v. Quinlivan*, 434

F.3d 314, 318 (5th Cir.2005). De novo review requires the court to make a judgment "independent of the bankruptcy court's, without deference to that court's analysis and conclusions." *In re Sternberg*, 229 B.R. 238, 244 (S.D.Fla.1998); citing *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir.1984). The proper construction of the Bankruptcy Code by the bankruptcy court or by the district court is a matter of law; accordingly, such interpretations are subject to de novo review. *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1374 (11th Cir.1994); *In re Taylor*, 3 F.3d 1512, 1514 (11th Cir.1993).

## Legal Analysis

The appellant's arguments concerning when Jefferson County could or should have appealed the state court order shows a fundamental understanding of both Bankruptcy law and the Order of the Bankruptcy Court. The appellant's assertion that she can proceed as a "governmental unit" pursuant to 11 U.S.C. § 362(b)(4) lacks merit. The court addresses each of these in turn.

### I. Basic Bankruptcy Law

The fact that the plaintiff in the state court action entered a preliminary agreement in which Jefferson County would not threaten to close Cooper Green Hospital without informing the state court and allowing the state court to hold a hearing, and the County would keep approximately $71,000,000 in a fund accessible to Cooper Green Hospital and separate from the County General Fund, does not allow

the appellant to now proceed on behalf of Cooper Green Hospital to ensure future funding for it. Rather, when the County filed its Chapter 9 bankruptcy, the Bankruptcy Court gained control of county funds.

Even if $71,000,000.00 was maintained as an ongoing balance in a separate account for the sole purpose of Cooper Green Hospital's operations, Cooper Green remains a department of Jefferson County, Alabama. The court has no evidence before it that the appellant has ever been allowed by a court to proceed *on behalf of* Cooper Green hospital. Rather, any standing previously recognized has been as a user of that hospital, and as a taxpayer of Jefferson County. Neither of those bases for standing allow the plaintiff to now proceed as a representative of Cooper Green Hospital itself.

Upon filing for bankruptcy protection, the funds for every department of the appellee became subject to the Bankruptcy Court's authority. This is the purpose of filing a Chapter 9 bankruptcy. *See In re City of Stockton, Cal.*, – B.R. –, 2012 WL 3193588, 3 (Bkrtcy.E.D.Cal. Aug. 6, 2012) (Suspending payment of various obligations during a case under the Bankruptcy Code is a routine aspect of the reorganization process. "In sum, even if the plaintiffs' benefits are vested property interests, the shield of the Contracts Clause crumbles in the bankruptcy arena.").

Given this basic tenet of bankruptcy law, the court finds nothing erroneous about the Bankruptcy Court's Order denying relief from the automatic stay.[2] In fact, the Bankruptcy Court tried to explain this to the appellant, when it stated:

> But the other is that part of the process that happens in the bankruptcy is for the County to sit down and assess what things it can pay for, what things it can't pay for, where the monies come from. And in the context of the Chapter 9, there are monies that are allocated for specific purposes that I don't think the County has indicated they have any intention to change those allocations. And so all that happened is that you go to state court, litigate. The County may win, your client may win, and then you come back here and the plan may modify *in toto* what happened in state court.

Exhibit A to doc. 6-1, *supra*.

As the Bankruptcy Court tried to explain to appellant, even if the state court case was allowed to proceed outside of the automatic stay, the funds themselves are subject to the Bankruptcy Court. *See e.g., In re County of Orange*, 189 B.R. 499, 505 (C.D.Cal.1995) (holding that the bankruptcy court could order adequate protection of lienholder's interest); *In re City of Stockton, Cal.*, 2012 WL 3193588, 11 (Bkrtcy.E.D.Cal.2012) ("Suspending payment of various obligations during a case under the Bankruptcy Code is a routine aspect of the reorganization process."). As aptly noted by the court in *In re Stockton*,

---

[2]The appellant asserts that the Bankruptcy Judge misunderstood the nature of a settlement agreement under Alabama law and therefore refused to lift the stay. See appellant reply (doc. 7) at 7. The court finds no such misunderstanding apparent in the record before it, not does it find any factual basis for the assertion that the same was the rationale for not lifting the stay.

>The core of a chapter 9 case is adjustment of the debtor-creditor relationship. The plaintiffs here are creditors. They want two things: a judgment that their health benefit claims are valid and an order compelling the City to maintain payments for those benefits. Those issues are central to the debtor-creditor relationship to be dealt with, along with every other unhappy creditor, in the collective chapter 9 proceeding.

*In re City of Stockton, Cal.*, 2012 WL 3193588, 12 (Bkrtcy.E.D.Cal.2012).

## II.  The appellant is not a "Governmental Unit"

The Bankruptcy Code excludes from the automatic stay provisions of 11 U.S.C. § 362(a) proceedings by "governmental units" seeking to "enforce such governmental unit's ... police and regulatory power."  11 U.S.C. § 362(b)(4).  The appellant did not specifically raise this argument in the Bankruptcy Court, and the Bankruptcy Court found that the appellant was a private individual.[3] This court has no basis to conclude otherwise.  It is well established that "the district court in reviewing the decision of a bankruptcy court functions as an appellate court." *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1374 (11th Cir.1994).  The district court is not authorized to make independent factual findings. *In re Lett*, 632 F.3d 1216, 1225 (11th Cir.2011).

---

[3] Appellant's petition for relief from the automatic stay describes the state court action as having been brought by "Plaintiff and a class of indigent members, users and patients of the Jefferson County Health System."  See doc. 1-4, at ¶ 3.  Of course, if plaintiff now wishes to argue she is a "governmental unit" and not a member of the described class, the issue of her ability to proceed as a class representative is raised.  *See e g.,* Rule 23(a), Fed.R.Civ.Pro.  As noted previously, this is factual issue not properly before this court.
  Similarly problematic with appellant's argument that she can proceed on behalf of Cooper Green Hospital is that if appellant is recognized as a "governmental unit," the only government of which she could be a "unit" would be Jefferson County, whom she sues.

Ordinarily an appellate court does not give consideration to issues not raised below."

*Hormel v. Helvering*, 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

As another District Court has noted

> It is within this Court's discretion to resolve an issue not decided in the Bankruptcy Court if the record thoroughly presents the issue. *In re Air Conditioning, Inc. of Stuart*, 845 F.2d 293, 299 (11th Cir.1988) (citing Pizza of Hawaii ); *In re Kenitra, Inc.*, 64 B.R. 841, 842 (Bankr. 9th Cir.1986). In contrast, if the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal. *In re Espino*, 806 F.2d 1001, 1002 (11th Cir.1986); accord *Air Conditioning, Inc.*, 845 F.2d at 299; *In re Runyan*, 832 F.2d 58, 60 (5th Cir.1987); *Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (N.D.Ill.1986). In other words, it is not enough that the record provides facts which may permit the resolution of an issue; rather, the record must be adequately developed, to the point that the Bankruptcy Court could have passed on the issue, even though that court declined to do so.

*In re Monetary Group,* 91 B.R. 138, 140 (M.D.Fla.1988).

The appellant failed to raise the factual issue of whether she qualified as a "governmental unit," for purposes of avoiding the automatic stay, with the Bankruptcy Court in the first instance.  Therefore, this court will not consider this argument for the first time on appeal.

Similarly, appellee argues as to the validity of the state court agreement, and whether it even continues in existence.  While the bankruptcy court pondered this very question, it was not squarely before that court and this court therefore declines to rule on it now.  Rather, that merit of the appellant's claim can be addressed with the bankruptcy court in the first instance.

## Conclusion

Having considered the foregoing, and being of the opinion that the decision of the Bankruptcy Court to deny appellant relief from the automatic stay is due to be affirmed;

It is therefore **ORDERED** by the court that the same be and hereby is **AFFIRMED.**

**DONE** and **ORDERED** this the 28th day of August, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE